EBEN ALBEE and another, appellants,

*vs.*

CHARLES W. VOSE.

Washington.    Opinion November 6, 1884.

*Descent of property. R. S., c. 75, § 1.*

When a minor dies never having been married, leaving no parents, brother or sister or the issue of any brother or sister, his property, though inherited from his father, descends to his surviving grandparents in equal shares.

ON REPORT.

Appeal from the decree of the probate court.

The facts are stated in the opinion.

*John F. Lynch,* for the appellants.

*Charles Sargent,* for the appellee, contended, that under the common law the only heir to the estate of Bessie E. Vose is Charles W. Vose because she acquired her estate by inheritance from her father who was a son of Charles W. Vose: that estates acquired by descent have different inheritable qualities from those acquired by purchase — the latter descending to the owner's blood in general, the former descending to the blood of the ancestor. Counsel cited: 1 Bl. Com. 242; 4 Kent, Com. (Holmes' Ed.) 405, *et seq*; *Nash* v. *Cutler*, 16 Pick. 499; *Benson* v. *Swan*, 60 Maine, 160; *Cables* v. *Prescott*, 67 Maine, 582; Smith's Prob. Law, c. 91, § 1; 2 Williams, Ex'rs, § 1336 *n.*

VIRGIN, J.   Bessie E. Vose died under age, not having been married, with property for distribution inherited from her father. She left no parents, brother or sister, her next of kin being a paternal grandfather and a maternal grandfather and grandmother. The question submitted by the report is, who is entitled to the property? The paternal grandfather claims it all under the provision of R. S., c. 75, § 1, clause 6. On the

other hand, the maternal grandparents claim a portion of it as next of kin, under rule 5.

The fact that the property in controversy was inherited from the father is entirely immaterial, unless the facts bring the case within clause 6 ; and the case does not come within that clause for the fatal reason that the persons contemplated by it did not exist at the time of the decedent's decease. In other words, the decedent left neither brother or sister, nor the issue of any deceased brother or sister. See *Decoster* v. *Wing*,[1] wherein the same subject matter has been recently examined and decided and which is decisive of this branch of this case and need not be repeated here.

The case then falls within the express terms of rule 5. The next of kin are the three grandparents. Our statute, like that of 22 and 23, Charles 2, c. 10, gives no preference to male over female. As long ago as 1723, it was decided: " Where one died intestate, leaving a grandfather by the father's side, and a grandmother by the mother's side, his next of kin, these shall take in equal moieties by the statute of distribution, as being in equal degree ; for though the grandfather by the father's side, may in some respects, be more worthy of blood, yet here dignity of blood is not material." *Moore* v. *Barham*, cited in 1 Peere, Wms. 53.

Under the same rule (Mass. R. S., c. 61, § 1, clause 5) where the next of kin of a deceased intestate were the same as in the case at bar, the paternal grandfather claimed one-half of the property inasmuch as the maternal grandparents were husband and wife. But the court of that commonwealth, after an exhaustive opinion of Ch. J. SHAW, decided that each of the three grandparents was entitled to a distributive share of the personal estate. We fully concur in that case and it is therefore decisive of this. *Nash* v. *Cutler*, 16 Pick. 491.

*Case remanded to probate court.*

PETERS, C. J., DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.

[1] Next case.